**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARTIN TUZMAN and | ) |
| EILEEN TUZMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 2:26-cv-08085 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

---

## COMPLAINT FOR REFUND OF FEDERAL TAX PENALTIES

Plaintiffs Martin Tuzman and Eileen Heisman Tuzman (collectively, the "Plaintiffs"), by and through undersigned counsel, bring this civil action against the United States of America for the refund of federal income tax penalties, together with statutory interest, wrongfully assessed and collected for tax year 2023, and in support thereof allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for the refund of federal tax penalties erroneously assessed and collected from Plaintiffs under 26 U.S.C. § 6651(a)(1) (failure to timely file), § 6651(a)(2) (failure to timely pay), and § 6654 (failure to pay estimated income tax), together with associated interest assessed under 26 U.S.C. § 6601, in connection with Plaintiffs' joint federal income tax return for the taxable year ending December 31, 2023 (the "2023 Return").

2. The delayed filing and payment for the 2023 tax year, as well as the related underpayment of estimated tax, were caused by an unprecedented and cumulative series of catastrophic personal, medical, and business events that struck Plaintiffs during 2023, including the suicide of their

adult son, a near-fatal bicycle accident and emergency shoulder surgery suffered by Plaintiff Martin Tuzman, as well as months of severe insomnia and post-traumatic reaction requiring specialized medical and psychiatric treatment, coupled with the concurrent grief of Plaintiff Eileen Tuzman.

3. All of this happened on the heels of the sale by Plaintiff Martin Tuzman of his business, which he had owned for more than 40 years. Due to circumstances beyond his control, he was unable to access business records needed to complete the Plaintiffs' 2022 and 2023 tax returns. Plaintiffs' 2023 Return was filed on November 18, 2024.

## **PARTIES**

4. Plaintiffs Martin Tuzman and Eileen Tuzman are residents of Elkins Park, Pennsylvania, within Montgomery County and this judicial district. The couple file joint tax returns.

5. Defendant United States of America is the proper party defendant in this action pursuant to 26 U.S.C. § 7422(f)(1).

## **JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1).

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1402(a)(1) because Plaintiffs reside within this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. For Claims One through Three, Plaintiffs have satisfied all conditions precedent to bringing this refund action for all three penalties.

   a. Plaintiffs have paid in full the entire amount of the tax, penalties, and interest assessed by the Internal Revenue Service with respect to their 2023 tax year, including each of the specific penalties that are the subject of this action. Payment in full was made when

the IRS recouped a refund for tax year 2024. The 2023 IRS account transcript reflects a payment date of April 15, 2025.

b. On or about May 30, 2025, Plaintiffs timely filed with the Internal Revenue Service a claim for refund and request for abatement of all three penalties.

c. According to a 2023 account transcript (attached hereto), the Internal Revenue Service disallowed the request for refund in full on October 13, 2025, although no written notice was ever received by Plaintiffs.

9. As to Claims Four and Five, Plaintiffs' initial claim included the same grounds for a refund and request for abatement under 26 U.S.C. § 6654. However, on or before July 8, 2026, Plaintiffs also filed with the Internal Revenue Service a separate claim for refund and request for abatement seeking a refund of the addition to tax assessed against them under 26 U.S.C. § 6654 for tax year 2023 on the grounds that subsequent Tax Court and U.S. Court of Federal Claims authorities have held that COVID-era statutory postponements required the IRS to disregard the entire COVID-19 disaster period, January 20, 2020, through July 10, 2023, when assessing certain penalties. Plaintiffs' first and second quarter estimates were due during this period so that portions of the § 6654 penalty need to be abated.

10. This second refund claim also identified with specificity the taxpayers, the tax period, the amount sought, and the grounds for relief.

11. Plaintiffs acknowledge that, as of the filing of this Complaint, the Internal Revenue Service has not issued a notice of disallowance with respect to this second refund claim, and six months have not yet elapsed from the date of its filing. Plaintiffs include this second refund claim to place all facts and legal theories arising out of the same operative facts before the Court in a

single, integrated pleading, to conserve judicial and party resources, and to afford Defendant fair and early notice of the claim.

## FACTUAL BACKGROUND

### *A. The 2023 Return*

12. For tax year 2023, Plaintiffs filed a joint federal income tax return on Form 1040 (Married Filing Jointly) on November 18, 2024.

13. The 2023 Return reported adjusted gross income of $1,625,440, taxable income of $1,544,377, and total tax of $493,651.

14. Since the 2023 Return was received by the Internal Revenue Service after the original filing deadline, the Internal Revenue Service assessed penalties against Plaintiffs under 26 U.S.C. § 6651(a)(1) (failure to file) and § 6651(a)(2) (failure to pay), an addition to tax under 26 U.S.C. § 6654 (failure to pay estimated income tax), and interest under § 6601.

15. Plaintiffs have a lengthy history of compliance with their federal tax obligations. Prior to tax years 2022 and 2023, they timely filed and paid their federal income taxes and had no similar penalty history.

### *B. The Deteriorating Mental Health, Disappearance, and Suicide of Plaintiffs' Son*

16. Beginning in the winter of 2022 and continuing into the spring of 2023, Plaintiffs' son, who suffered from severe and long-standing mental health conditions, experienced a dramatic and accelerating deterioration. Despite Plaintiffs' full-time efforts to triage his condition through coordinating clinical care, involving mental-health professionals, and providing continuous personal support, his condition worsened.

17. At that time, Plaintiffs' son disappeared, and they did not know his condition.

18. In early March 2023, Plaintiffs learned that their son was in Kansas and was in severe crisis. They further learned that he had obtained a firearm and had communicated threats of suicide.

19. On March 11, 2023, Plaintiffs' son died by suicide.

20. Throughout the second quarter of 2023, Plaintiffs were consumed by the trauma of their son's death and by the myriad administrative burdens that follow a sudden violent death.

21. Both Plaintiffs suffered acute grief reactions during this period, requiring intensive specialized trauma therapy.

22. Plaintiff Eileen Tuzman suffered profound depression from the suicide of her son throughout the third and fourth quarters of 2023.

***C. Plaintiff Martin Tuzman's Serious Bicycle Accident, Emergency Surgery, and Prolonged Recovery, Severe Post-Traumatic Insomnia, Hallucination, and the Compounding Effect of Pain and Sleep Medications***

23. On or about May 1, 2023, approximately seven weeks after his son's suicide, Plaintiff Martin Tuzman suffered a severe bicycle accident. He was hospitalized and underwent CT scans and diagnostic imaging for a possible concussion and traumatic brain injury. He sustained a severe shoulder separation requiring emergency orthopedic surgery.

24. Approximately ten days later, Plaintiff Martin Tuzman underwent surgery to reattach and stabilize his shoulder. He was thereafter required to undergo intensive physical therapy for an extended period in order to regain even limited function.

25. Through May, June, and July of 2023, Plaintiff Martin Tuzman experienced a severe post-traumatic reaction. He was unable to sleep for the great majority of this period. On numerous occasions he went multiple days without sleep. He consulted sleep specialists and was prescribed a series of medications in an attempt to restore normal sleep.

26. The combined effect of severe sleep deprivation, pain from his shoulder injury, prescribed pain medication, and prescribed sleep medication produced periods of hallucination and non-functionality. During substantial portions of this period, Plaintiff Martin Tuzman was functionally incapable of managing complex financial or professional matters, including tax compliance activities requiring sustained concentration, judgment, and communication with third parties.

***D. Sale of Plaintiff Martin Tuzman's Business***

27. Plaintiff Martin Tuzman had built and owned his business for more than forty years. During 2023, Plaintiff Martin Tuzman closed out the sale of his business, Jenkintown Window Cleaning Co., Inc. d/b/a Jenkintown Building Services, which was taxed as a Subchapter S corporation.

28. During approximately the third quarter of 2023, the purchaser of Plaintiff Martin Tuzman's business terminated the Chief Financial Officer (the "CFO") who had held that role for approximately fifteen years.

29. Plaintiffs had previously relied upon the CFO to maintain and produce the business financial records necessary for the preparation of their prior years' federal and state tax returns. They were also relying on the CFO to provide records pertaining to the sale of the business so Plaintiffs could file their 2022 IRS Form 1040 ("2022 Return") and 2023 Return.

30. The CFO's termination occurred before the 2022 and 2023 Returns could be prepared or filed.

31. For tax year 2023, the company's accountant, which had previously filed Plaintiffs' extensions, ceased doing so. Owing to the circumstances described above, this change was not communicated to Plaintiffs' new personal accountant.

32. Compounding the effect of the CFO's termination, the purchaser also transitioned the business to new accounting software. As a result, Plaintiffs were unable to access historical company data for 2022, which was in turn necessary to prepare both their 2022 Return and the 2023 Return.

33. As a direct result of the combination of the CFO's termination and the software transition, it was impossible for Plaintiffs, despite ordinary business care and prudence, to assemble the financial data necessary to determine their true tax liability, to make properly calibrated estimated tax payments, or to complete and file a truthful and accurate 2022 Return or 2023 Return.

***E. Plaintiffs' Retention of Outside Accountants to Reconstruct Records***

34. Plaintiffs retained outside accountants to reconstruct the financial records necessary to prepare and file their 2022 and 2023 Returns. Plaintiffs incurred approximately $40,000 in fees in that reconstruction effort.

35. As soon as the reconstruction permitted, Plaintiffs filed their 2022 and 2023 Returns.

36. Plaintiffs filed their 2022 Return on September 9, 2024.

37. Plaintiffs filed their 2023 Return on November 18, 2024.

38. Plaintiffs also paid all taxes for 2022 and 2023 when they filed their respective tax returns.

39. Each tax return was, upon its filing, complete, accurate, and truthful.

40. In 2025, Plaintiffs filed their 2024 Return. The IRS recouped the refund to satisfy the aforementioned tax penalties for 2023.

41. Plaintiffs filed a claim for abatement for tax years 2022 and 2023 seeking a refund of the § 6651(a)(1) (failure to file), § 6651(a)(2) (failure to pay), and § 6654 (failure to pay estimated

taxes) penalties, as applicable. The IRS granted the abatement for 2022 based on the IRS's first-time abatement policy, but it denied the request for an abatement in full for 2023.

## CLAIMS FOR RELIEF

### CLAIM ONE:
### Refund of Penalty Assessed Under 26 U.S.C. § 6651(a)(1)
### (Failure to Timely File)

42. Plaintiffs incorporate by reference ¶¶ 12-41 as though fully restated herein.

43. Section 6651(a)(1) of the Internal Revenue Code imposes an addition to tax for failure to file a required return by the prescribed date, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1).

44. According to Plaintiffs' IRS transcript, the amount of the penalty is $42,540.97.

45. Reasonable cause exists where the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.

46. The Internal Revenue Manual expressly recognizes as bases for reasonable cause, among other circumstances, the death or serious illness of the taxpayer or an immediate family member; personal incapacitation; an inability to obtain necessary records; and unavoidable absence. *See* I.R.M. § 20.1.1.3.2.

47. Plaintiffs' failure to file the 2023 Return by its due date was due to reasonable cause and not due to willful neglect. The extraordinary and cumulative circumstances described above individually and cumulatively caused the delayed filing and satisfy the reasonable cause standard. In short, Plaintiffs exercised ordinary business care and prudence at every stage.

48. The § 6651(a)(1) penalty was erroneously assessed and collected.

49. Plaintiffs are entitled to a refund of that penalty in full, together with all interest paid thereon, plus statutory interest from the date of payment to the date of refund under 26 U.S.C. § 6611.

**CLAIM TWO:**
**Refund of Penalty Assessed Under 26 U.S.C. § 6651(a)(2)**
**(Failure to Timely Pay)**

50. Plaintiffs incorporate by reference ¶¶ 12-41 as though fully restated herein.

51. Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(2).

52. The reasonable cause standard applicable to § 6651(a)(2) parallels that applicable to § 6651(a)(1) and is met by a showing that the taxpayer exercised ordinary business care and prudence in providing for payment of tax liabilities but was nevertheless unable to pay by the due date, or that payment on the due date would have caused undue hardship. Treas. Reg. § 301.6651-1(c)(1).

53. According to Plaintiffs' IRS transcript, the amount of the penalty is $10,130.84.

54. For the same reasons set forth in Claim One, Plaintiffs' failure to timely pay was due to reasonable cause and not due to willful neglect.

55. Accordingly, the § 6651(a)(2) penalty was erroneously assessed and collected. Plaintiffs are entitled to a refund of that penalty in full, together with all interest paid thereon, plus statutory interest from the date of payment to the date of refund under 26 U.S.C. § 6611.

**CLAIM THREE:**
**Refund of Interest Attributable to the §§ 6651(a)(1) and (a)(2) Penalties**

56. Plaintiffs incorporate by reference ¶¶ 12-41, 43-48, 51-55 as though fully restated herein.

57. Because the penalties assessed against Plaintiffs under § 6651(a)(1) and (a)(2) were erroneously assessed and collected, the interest assessed and collected upon those penalties under 26 U.S.C. § 6601 was likewise erroneously assessed and collected. Plaintiffs are entitled

to a refund of that interest, together with statutory interest under 26 U.S.C. § 6611 from the date of payment to the date of refund.

**CLAIM FOUR:**
**Refund of Addition to Tax Assessed Under 26 U.S.C. § 6654**
**(Failure to Pay Estimated Income Tax)**

58. Plaintiffs incorporate by reference ¶¶ 12-41 as though fully restated herein.

59. Section 6654 of the Internal Revenue Code imposes an addition to tax on an individual who underpays estimated income tax during the taxable year. 26 U.S.C. § 6654(a).

60. Section 6654(e)(3) provides two independent statutory waivers of that addition to tax. First, under § 6654(e)(3)(A), no addition to tax shall be imposed "to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience."

61. The legislative history of § 6654(e)(3)(A) expressly identifies the death or serious illness of the taxpayer as an example of the kind of unusual circumstance for which waiver is appropriate. Plaintiffs' circumstances during 2023 go substantially beyond that paradigmatic example.

62. The facts and circumstances detailed above constitute grounds for an abatement of this penalty.

63. Second, under § 6654(e)(3)(B), no addition to tax shall be imposed if the Secretary determines that the taxpayer retired after having attained age 62 (or became disabled) in the taxable year for which estimated payments were required or in the immediately preceding taxable year, and the underpayment was due to reasonable cause and not to willful neglect.

64. Plaintiffs are entitled to waiver, and to a refund of the addition to tax paid, under 26 U.S.C. § 6654(e)(3)(B) because Plaintiff Martin Tuzman retired from his business during tax year 2023 after having attained age 62.

65. Plaintiffs are entitled to a refund of the § 6654 addition to tax in full, together with all interest paid thereon under 26 U.S.C. § 6601, plus statutory interest from the date of payment to the date of refund under 26 U.S.C. § 6611.

66. According to Plaintiffs' IRS transcript, the amount of the penalty is $7,178.

***RIPENESS-RESERVED PORTION OF CLAIM FOUR***

67. Beyond Plaintiffs' personal circumstances which arise under § 6654(e)(3)(A) & (B), the federally declared COVID-19 disaster triggered a mandatory postponement of certain deadlines under 26 U.S.C. § 7508A(d).

68. As set forth above, the second refund claim (which pertains to the COVID-19 pandemic) was filed with the Internal Revenue Service on or before July 8, 2026, by certified mail, return receipt requested. As of the filing of this Complaint, six months have not yet elapsed from the filing of this § 6654 refund claim and the Service has not issued a notice of claim disallowance.

69. Upon ripeness, Plaintiffs are entitled to a refund of the Q1-2023 and Q2-2023 portions of the § 6654 penalty because, under 26 U.S.C. § 7508A(d), the period from January 20, 2020, through July 10, 2023, must be disregarded in determining whether Plaintiffs' first- and second-quarter 2023 estimated tax installments were timely paid and in computing the § 6654 addition to tax attributable to those installments.

**CLAIM FIVE:**
**Refund of Interest Attributable to the § 6654 Penalty**

70. Plaintiffs incorporate by reference ¶¶ 12-41, 59-69 as though fully restated herein.

71. Because the penalty assessed against Plaintiffs under § 6654 was erroneously assessed and collected, the interest assessed and collected upon the penalty under 26 U.S.C. § 6601 was likewise erroneously assessed and collected. Plaintiffs are entitled to a refund of that interest,

together with statutory interest under 26 U.S.C. § 6611 from the date of payment to the date of refund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant United States of America as follows:

**A.** Awarding Plaintiffs a refund of the failure-to-file penalty assessed and collected under 26 U.S.C. § 6651(a)(1) for tax year 2023, in an amount to be established at trial;

**B.** Awarding Plaintiffs a refund of the failure-to-pay penalty assessed and collected under 26 U.S.C. § 6651(a)(2) for tax year 2023, in an amount to be established at trial;

**C.** Awarding Plaintiffs a refund of all interest assessed and collected under 26 U.S.C. § 6601 upon the penalties identified in paragraphs A and B, in an amount to be established at trial;

**D.** Awarding Plaintiffs a refund of the addition to tax assessed and collected under 26 U.S.C. § 6654 for tax year 2023, together with interest assessed and collected thereon under 26 U.S.C. § 6601, in an amount to be established at trial;

**E.** Awarding Plaintiffs statutory interest on the amounts refunded, from the date of payment to the date of refund, pursuant to 26 U.S.C. § 6611;

**F.** Awarding Plaintiffs their reasonable litigation costs, including reasonable attorneys’ fees, to the extent permitted by 26 U.S.C. § 7430; and

**G.** Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38 and 28 U.S.C. § 2402.

Dated: October 22, 2026

Respectfully submitted,

Jed Silversmith

Jed Silversmith, Esq. (PA Bar No. 83964)
LAW OFFICES OF JED SILVERSMITH LLC
101 Greenwood Avenue, Suite 380
Jenkintown, PA 19046
Tel: (215) 253-8511
Email: jed.silversmith@silversmithlaw.com
*Counsel for Plaintiffs*

IRS logo

This Product Contains Sensitive Taxpayer Data

# Form 1040 Account Transcript

| | |
|---|---|
| Request Date: | 07-01-2026 |
| Response Date: | 07-01-2026 |
| Tracking Number: | 110782288219 |

| | |
|---|---|
| Form Number: | 1040 |
| Report for Tax Period Ending: | 12-31-2023 |
| Taxpayer Identification Number: | XXX-XX-8988 |
| Spouse Taxpayer Identification Number: | XXX-XX-1516 |

MART TUZM & E HEIS TUZM
707 RA

POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE

**--- Any minus sign shown below signifies a credit amount ---**

| | | |
|---|---|---|
| Account balance: | $0.00 | |
| Accrued interest: | $0.00 | As of: 11-17-2025 |
| Accrued penalty: | $0.00 | As of: 11-17-2025 |
| Account balance plus accruals (this is not a payoff amount): | $0.00 | |

**** Information from the return or as adjusted ****

| | |
|---|---|
| Exemptions: | 02 |
| Filing status: | Married Filing Joint |
| Adjusted gross income: | $1,625,440.00 |
| Taxable income: | $1,544,377.00 |
| Tax per return: | $493,651.00 |
| SE taxable income taxpayer: | $0.00 |
| SE taxable income spouse: | $0.00 |
| Total self employment tax: | $0.00 |
| Return due date or return received date (whichever is later): | 10-21-2024 |
| Processing date: | 11-18-2024 |

pg 1 of 2

# TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed<br>16221-695-05284-4 | 20244305 | 11-18-2024 | $493,651.00 |
| 806 | W-2 or 1099 withholding | | 04-15-2024 | -$303,650.00 |
| 766 | Credit to your account | | 04-15-2024 | -$930.00 |
| 610 | Payment with return<br>00 | | 10-23-2024 | -$196,249.00 |
| 170 | Penalty for not pre-paying tax<br>11-18-2034 | 20244405 | 11-18-2024 | $7,178.00 |
| 166 | Penalty for filing tax return after the due date<br>11-18-2034 | 20244405 | 11-18-2024 | $42,540.97 |
| 276 | Penalty for late payment of tax | 20244405 | 11-18-2024 | $6,617.48 |
| 196 | Interest charged for late payment | 20244405 | 11-18-2024 | $10,130.84 |
| 971 | Notice issued<br>CP 0014 | | 11-18-2024 | $0.00 |
| 290 | Disallowed claim<br>00-00-0000 | | 12-09-2024 | $0.00 |
| 971 | Notice issued<br>CP 0055 | | 12-09-2024 | $0.00 |
| 960 | Appointed representative | | 02-13-2025 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 08-25-2025 | $0.00 |
| 290 | Disallowed claim<br>00-00-0000 | | 10-13-2025 | $0.00 |
| 971 | Notice issued<br>CP 0055 | | 10-13-2025 | $0.00 |
| 706 | Credit transferred in from<br>30<br>20241231 | | 04-15-2025 | -$61,066.39 |
| 196 | Interest charged for late payment | 20254305 | 11-10-2025 | $1,777.10 |

This Product Contains Sensitive Taxpayer Data

Pg 2 of 2